# Ruddy v. Repp, Appellant.

*Evidence—Declarations—Principal and agent.*

In an action to recover price of goods sold and delivered declarations of third parties made to the plaintiff that they desired to purchase the goods for the defendant, are admissible where the offer of such declarations is accompanied with an offer to prove the authority of such persons to speak for the defendant.

In an action to recover the price of stone sold and delivered for use in the construction of a public school, where the defendant, a school director, denies that he contracted to buy the stone, he may be asked on cross-examination, for the purpose of showing his personal interest, whether he did not furnish the greater part of the stone that went into the building.

*Appeals—Assignments of error—More than one subject.*

An assignment of error to the admission of evidence and to the refusal of a new trial, violates Rule 15, because it raises more than one distinct question.

Argued Jan. 15, 1902. Appeal, No. 11, Jan. T., 1902, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1899, No. 722, on verdict for plaintiff in case of M. J. Ruddy v. William Repp. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before KELLY, J.

At the trial it appeared that the defendant was a school director of the school district of Old Forge. Plaintiff furnished the stone in controversy which was used in the construction of a school building. Plaintiff claimed that defendant had ordered the stone in question, and that he had furnished the greater part of the stone that went into the building. When the plaintiff was on the stand the following offer was made:

Mr. O'Malley: The counsel for the plaintiff offers to prove by the witness on the stand that Martin Mangan, Robert Barr and Jacob Brieg came to his house looking for certain stones; that they stated to him that they desired those for William Repp, which conversation was afterwards repeated to Repp by the witness. To be followed by testimony showing that they had authority to do this. For the purpose of showing the purchase of the stone in question by Repp.

438 RUDDY *v.* REPP, Appellant.

Statement of Facts—Arguments. [19 Pa. Superior Ct.

Mr. Hannah: The counsel for the defendant objects to the offer as immaterial, irrelevant and incompetent, there being no evidence of any authority in the persons named to purchase the stone, or to make contracts for him.

The Court: The objection is overruled and the evidence admitted. [1]

Mr. O'Malley: "Q. Go on and answer the question and state what happened when Mangan, Barr and Brieg came to your house. A. On that date they came to my house, there was snow on the ground, I wasn't working, and they said they desired to purchase some stone for William Repp. I gave them a figure of $25.00 of that time. Q. You furnished the greater part of the stone that went into that school building, did you not? "

Mr. Hannah: The counsel for the defendant objects to the question as immaterial.

The Court: I will allow the question.

Exception noted for the defendant, at whose request a bill is sealed. [2]

Mr. O'Malley: "Q. Just answer that question. A. I did. Q. And you were a director at that time? A. I sold the stone to Brieg before the contract was made with Van Loon, or awarded to him. Q. You sold him stone for the building? A. And at his request. Q. The stone for that building? A. Yes, sir. Q. Before the contract was let? A. Yes, sir."

Verdict and judgment for plaintiff for $63.34. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions. (3) In admitting the books of the plaintiff in evidence with alterations apparent upon their face, and in refusing to grant a new trial upon motion when it was discovered after the trial that these alterations were fraudulently made.

The bill of exceptions in connection with the offer of evidence referred to in the third assignment followed the assignment.

*H. M. Hannah*, for appellant.

*E. N. Willard*, for appellee, filed no printed brief.

PER CURIAM, February 14, 1902:

1. The objection referred to in the first assignment was properly overruled for the obvious reason that the offer to prove what Mangan, Burr and Brieg said to the plaintiff was coupled with an offer to prove their authority to speak for the defendant. It appears from the evidence admitted under the offer that, after the conversation referred to and before the stones were delivered, the plaintiff communicated its substance to the defendant, as follows: "I said they were up and they ordered the stones in his name, and that I wanted to know if he was going to pay for them, and he said yes." Nothing further need be said concerning this assignment.

2. The question asked of the defendant on cross-examination (second assignment) was evidently for the purpose of showing his personal interest in the furnishing of the stone for the building, and in view of the conflict of evidence as to the main question, the fact that he had such interest was not irrelevant.

3. The third assignment of error is not in accordance with Rule 15, which provides that if any assignment embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged. But aside from this, an examination of the evidence given on the trial fails to show that the day book offered in evidence was not sufficiently authenticated, or that the alterations, if any, were not sufficiently explained.

All the assignments of error are overruled and the judgment is affirmed.